Filed 6/16/22 P. v. Majied CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

DAVID MALARCHER MAJIED,

    Defendant and Appellant.

E074375

(Super.Ct.No. RIF1411978)

OPINION

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Kathryn Kirschbaum and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant David Malarcher Majied appeals from the November 22, 2019 order of the superior court, dismissing his petition for resentencing on his 2015 conviction for attempted premeditated murder. (Pen. Code,[1] § 1170.95) In an unpublished decision, we affirmed the order dismissing defendant's petition on the ground that persons convicted of attempted murder were not entitled to relief under section 1170.95. (*People v. Majied* (Nov. 12, 2020, E074375) [nonpub. opn.].)

The Supreme Court granted review on January 20, 2021, and while review was pending, the Legislature enacted and the Governor signed Senate Bill No. 775 into law. (Senate Bill 775) (Stats. 2021, ch. 551, § 2.) Senate Bill 775 amended section 1170.95 to clarify, among other things, that persons convicted of attempted murder under the natural and probable consequences doctrine are eligible for resentencing under the statute. (Stats. 2021, ch. 551, §§ 1-2.)

On February 16, 2022, the Supreme Court transferred the matter back to this court with directions to vacate our opinion and reconsider the cause in light of Senate Bill 775. We vacated our opinion and directed the parties to file supplemental briefs addressing the effect of Senate Bill 775. The parties filed supplemental briefs pursuant to the California Rules of Court, which require such briefs to be "limited to matters arising after the previous Court of Appeal decision in the cause, unless the presiding justice permits briefing on other matters." (Cal. Rules of Court, rule 8.200(b)(2).)

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

In defendant's supplemental brief, he argues that the order dismissing his petition must be reversed since the record shows he made the required prima facie showing for relief. He asserts the matter should be remanded for the trial court to hold an order to show cause hearing in conformance with section 1170.95. In their supplemental brief, the People argue the trial court correctly denied defendant's petition since he did not make a prima facie case for relief. Without requesting or receiving permission to address matters existing before our initial opinion, the People requested that we take judicial notice of over 400 pages of materials in the record and argued those materials establish defendant's ineligibility for relief from his attempted murder conviction. The People specifically assert that, notwithstanding Senate Bill 775, defendant is still ineligible for relief because the jury instructions, closing arguments, and verdict forms establish that the jury did not convict him of attempted murder under the natural and probable consequences doctrine.

We deny the People's request for judicial notice of materials that were available to them before our initial opinion, as we "need not consider arguments which exceed the proper scope of supplemental briefing." (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2021) Ch. 13-E ¶ 13:202.1). We reverse the trial court's order and remand the matter for the trial court to hold further prima facie proceedings under section 1170.95, subdivision (c).

3

Defendant and another man tried to rob a marijuana dispensary on May 2, 2014. Both men were armed. A dispensary employee was also armed, and when he drew his gun, one of the intruders shot at the employee, and he returned fire. The intruders and the employee continued to exchange gunfire until the intruders fled in a vehicle.

On January 30, 2015, a jury found defendant guilty of attempted murder (§§ 664, 187, subd. (a), count 1), assault with a firearm (§ 245, subd. (a)(2), count 2), attempted robbery (§§ 664, 211, count 3), and burglary (§ 459, count 4). Defendant admitted he had served four prior prison terms. (§ 667.5, subd. (b).) On September 18, 2015, a trial court sentenced him to a total term of 13 years in state prison.

Defendant appealed, and this court affirmed the judgment. (*People v. Majied*, *supra*, E064830.)

On March 13, 2019, defendant filed a petition for resentencing under section 1170.95, in propria persona, alleging that he was convicted of attempted second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of attempted second degree murder because of the amendments to sections 188 and 189. He also requested appointment of counsel. The People moved to strike defendant's petition, arguing that Senate Bill No. 1437 (Senate Bill 1437) is unconstitutional because it unlawfully amended Proposition 7

---

[2] This brief factual summary is taken from our prior unpublished opinion. (See *People v. Majied* (Jan. 23, 2017, E064830) [nonpub. opn.].) We took judicial notice of this opinion, pursuant to defendant's request.

and Proposition 115, violated the separation of powers doctrine, and conflicted with the Victims' Bill of Rights Act of 2008. The People also argued that Senate Bill 1437 does not apply to attempted murder. The trial court appointed a public defender to represent defendant, and counsel filed a reply brief arguing that defendant had set forth a prima facie case for relief.

On November 22, 2019, the court held a hearing on the petition. The People argued that the petition should be dismissed because it involved attempted murder. Defendant objected on the basis of *People v. Lopez*.[3] The court stated that *People v. Munoz*[4] was "still controlling authority" and granted the People's request.

## DISCUSSION

### Senate Bill 1437 Applies to Attempted Murder

Senate Bill 1437 (Stats. 2018, ch. 1015) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder, and to limit the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*); Stats. 2018, ch. 1015, § 1, subd. (f).) Under sections 188 and 189, as amended, murder liability can no longer be imposed on a person who was not the actual

---

[3] Defendant was apparently referring to *People v. Lopez* (2019) 38 Cal.App.5th 1087, vacated by, transferred by, opinion withdrawn by order of court on November 10, 2021.

[4] The court was apparently referring to *People v. Munoz* (2019) 39 Cal.App.5th 738 (*Munoz*), vacated by, transferred by, opinion withdrawn by order of court on January 5, 2022.

killer, who did not act with the intent to kill, or who was not a major participant in the underlying felony who acted with reckless indifference to human life. (*Lewis*, at p. 959.)

Senate Bill 1437 also added section 1170.95 to the Penal Code. (Stats. 2018, ch. 1015, § 4.) In its original form, section 1170.95 allowed persons convicted of murder under the former law, but who could not be convicted of murder under the amended law, to petition the sentencing court to vacate their murder convictions and to be resentenced on any remaining convictions. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1005.)

Senate Bill 775 "clarifies" that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).) To this end, Senate Bill 775 amended section 1170.95, effective January 1, 2022, to provide: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder* under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, *attempted murder*, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a), italics added; as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

Defendant argues that the amendments made to section 1170.95 are ameliorative and apply retroactively to his petition. He asserts that the record "now shows that [his] petition *did* make the requisite prima facie case for relief" since it "does not refute [his]

6

assertions that he was convicted of attempted murder under the natural and probable consequences doctrine." Defendant further states that the facts of the case as set forth in his first appeal (case No. E064830) also do not show he is ineligible for relief as a matter of law. Thus, he contends we should reverse the court's order dismissing his petition and remand the matter for the trial court to hold an order to show cause hearing. The People argue the trial court correctly denied defendant's petition and contend that this court should affirm the denial of the section 1170.95 petition because the jury instructions, closing arguments, and verdict forms establish that the jury did not convict him of attempted murder under the natural and probable consequences doctrine. The People point out the specific jury instructions that were given and note that the prosecutor withdrew her request during trial to instruct the jury with CALCRIM No. 402 (natural and probable consequences doctrine); they further note the trial court forgot to modify CALCRIM No. 400.

It is not our role as an appellate court to evaluate a section 1170.95 petition in the first instance and review hundreds of documents that were not evaluated by the trial court. Because this issue has never been litigated on the merits in the trial court, we have no ruling to review. (See *Sanborn v. Pacific Mutual Life Ins. Co.* (1940) 42 Cal.App.2d 99, 104-105 ["An appellate court is a reviewing court, and . . . not a trial court or court of first instance"].) We will therefore reverse the court's order denying defendant's section 1170.95 petition on the basis that he was convicted of attempted murder and remand the matter for the court to reconsider his petition at the prima facie stage. We express no opinion regarding whether defendant has established a prima facie case for relief.

7

## DISPOSITION

The order denying defendant's resentencing petition is reversed. The matter is remanded for the trial court to conduct all proceedings required under section 1170.95.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                    J.

We concur:

McKINSTER _____
          Acting P. J.

RAPHAEL _____
                    J.

8